STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
**November 14, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**BEVERLY MYLES,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0841**   (BOR Appeal No. 2048160)
(Claim No. 2011037044)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Beverly Myles, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health System, by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 24, 2013, in which the Board affirmed a February 11, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 27, 2012, decision denying authorization for a right L5-S1 microdiscectomy versus laminectomy. It also affirmed the claims administrator's January 31, 2012, decision closing the claim for vocational rehabilitation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Myles worked as a cardiac monitor tech at Ruby Memorial Hospital for West Virginia United Health System. On May 7, 2011, she fell down the stairs at work and injured her neck, low back, and right hip. The claim was held compensable for cervical sprain and lumbar sprain. P. Kent Thrush, M.D., found Ms. Myles had a lumbar sprain on top of pre-existing congenital and acquired spinal stenosis, degenerative arthritis, and degenerative disc disease and

was approaching maximum medical improvement. Dr. Thrush opined that she would reach her maximum medical improvement on September 16, 2011. Paul Bachwitt, M.D., found Ms. Myles had reached her maximum medical improvement for her compensable injury. Dr. Bachwitt opined that Ms. Myles's current complaints are due to severe pre-existing degenerative arthritis in the cervical and lumbar spine. Scott D. Daffner, M.D., found Ms. Myles has severe spinal stenosis at L3-L4, L4-L5, and L5-S1, and a disc herniation at L5-S1.On January 27, 2012, the claims administrator denied authorization for a right L5-S1 microdiscectomy versus laminectomy based on the independent medical evaluation completed by Dr. Thrush dated October 20, 2011, that found the surgery is needed for pre-existing degenerative arthritis and degenerative disc disease and pre-existing spinal stenosis.

The Office of Judges affirmed the claims administrator's decisions. It held that Ms. Myles had not demonstrated that the surgery to the lumbar spine should have been authorized nor that the claim should not have been closed on a vocational rehabilitation basis. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Myles disagrees and asserts that she has proven her symptoms and problems flow directly from her injury on May 7, 2011, through her testimony, in which she stated she had no prior back problems until this injury, and that there are no medical records to document prior treatment of the back. Ms. Myles further argues that her surgery was consistent with the treatment plan developed by Dr. Daffner and was done after the injections were unsuccessful. Ms. Myles is not appealing the claims administrator's January 31, 2012, decision that closed her claim for vocational rehabilitation benefits. West Virginia United Health System maintains that the evidentiary record fully supports the determination that the requested surgery is required solely to treat Ms. Myles's significant pre-existing degenerative conditions. It further maintains that the records of Dr. Thrush and Dr. Bachwitt clearly show the severe nature of Ms. Myles's pre-existing degenerative conditions as opposed to her work-related injury.

The Office of Judges denied authorization for the surgery. The medical evidence shows severe pre-existing problems in the lumbar spine prior to the compensable injury. The right L5-S1 microdiscectomy versus laminectomy was performed by Dr. Daffner on January 26, 2012, and Dr. Daffner found the pre and post-operative diagnosis to be spinal stenosis. The Office of Judges concluded that the spinal stenosis was not a result of the compensable injury since the evidence clearly demonstrates that it pre-existed the compensable injury.

We agree with the findings of the Office of Judges and the conclusion of the Board of Review. On July 20, 2011, an MRI revealed an impression of severe spinal stenosis on an acquired and congenital basis at L3-L4, L4-L5, and L5-S1. Also, Dr. Thrush found that Ms. Myles had a lumbar sprain on top of pre-existing congenital and acquired spinal stenosis. Spinal stenosis has not been held compensable. This claim has been held compensable for lumbar sprain and cervical sprain. Therefore, the medical evidence supports that the surgery is not needed for the compensable injury but for spinal stenosis, a pre-existing condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum